DECISION.
{¶ 1} Plaintiffs-appellants/cross-appellees Pauline and Leonard Fite, as the parents and administrators of the estate of their son, Nicolas Fite, brought a wrongful-death and medical malpractice action against defendants-appellees/cross-appellants, University Hospital and Indre Ruxeniene, M.D. Following a trial, the jury returned a verdict in favor of University Hospital and Ruxeniene. Thereafter, the Fites filed a motion for a directed verdict, for judgment notwithstanding the verdict ("JNOV"), or for new trial. University Hospital and Ruxeniene filed a post-judgment motion for costs. The trial court denied all the motions. The Fites have appealed from the trial court's entry denying a directed verdict, a new trial, and JNOV. University Hospital and Ruxeniene have filed a cross-appeal from the trial court's entry denying costs.
 {¶ 2} On appeal, the Fites bring forth three assignments of error. In the first assignment, they allege that the trial court erred in failing to instruct the jury about negligence per se or, in the alternative, that the trial court erred in failing to direct a verdict on the issue of negligence per se. In the second assignment of error, the Fites contend that the trial court erred in overruling their motion for judgment notwithstanding the verdict or for new trial. And in the third assignment of error, the Fites contend that the trial court erred in instructing the jury on superceding, intervening cause.
 {¶ 3} In support of their appeal, the Fites have included only a partial transcript. Specifically, they have provided transcripts of the following testimony: Erica Harris, Katherine Knapp-Sikes, Robert Miller, Leonard Fite, Pauline Fite, Howard S. Sudak, M.D., Karla Weathers, Joyce Dainoff, Dr. Indre Ruxeniene, and Dr. Thomas Guthiel. The Fites have also submitted a partial transcript of the proceedings from November 15, 2002, relating to the jury instructions on the combined-expectancy-of-life tables arising out of Dr. Manges's testimony, the admission of defense exhibit 6, the proffer of exhibit 57, and their motion for a directed verdict. And the Fites have submitted a transcript of the February 14, 2003, proceedings relating to their motion for a directed verdict, JNOV, or a new trial. According to the transcripts before us, the only evidence admitted into the record was defendant's exhibit 6, which related to Nicolas Fite's progress reports. But references in the record from the clerk of courts indicate that other evidence may have been admitted. Moreover, according to University Hospital and Ruxeniene's motion for costs, a transcript of an emergency call was admitted into the record.
 {¶ 4} We have not been provided with the testimony of Dr. Manges, who was identified at the November 15, 2002, hearing as having testified, and whose deposition testimony was identified in the defendants' motion for costs as having been used for impeachment purposes at trial. Nor have we been provided with the testimony of Erica Johnson, Dr. Harvey Rosen, Chester Collins, and Faith Evans, or with the transcript of the 911 call, which, according to University Hospital and Ruxeniene, were provided during the trial. Finally, a transcript of the jury instructions has not been furnished to this court.
 {¶ 5} App.R. 9(B) provides, in relevant part, that "[a]t the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record * * *." Because the appellant bears the burden of showing error by reference to matters in the record, the appellant retains the duty to provide an appropriate transcript for appellate review.[1] When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and has no choice but to presume the validity of the lower court's proceedings.[2]
 {¶ 6} First, we address the first and third assignments of error relating to the jury instructions. We note that while a copy of the jury instructions was included in the evidence, it is unclear whether these instructions were read to the jury verbatim. Without a copy of the entire transcript, we are unable to determine what instructions were actually given to the jury. Moreover, even if we were to presume that the jury instructions included in the evidence were read to the jury, we are unable to determine whether the evidence in this case supported the trial court's decision not to give instructions on negligence per se or the decision to give an instruction on superceding, intervening cause. Due to the Fites' failure to provide this court with a complete transcript of the proceedings necessary for review of whether the trial court erred when giving the jury instructions, we must presume regularity in the proceedings that transpired below. Accordingly, the first assignment of error, insofar as it relates to the jury instructions, and the third assignment of error are overruled.
 {¶ 7} As for the remaining portion of the first assignment of error relating to the Fites' motion for a directed verdict, the Fites contend that the trial court should have directed a verdict in favor of them on the issue of statutory negligence per se. Below, the Fites challenged the legal sufficiency of the evidence relating to the standard of medical care and the trial court's finding in favor of University Hospital and Ruxeniene on the issue of liability. On appeal, the Fites have failed to transmit substantial portions of the record, including witness testimony, admitted evidence (other than defense exhibit 6), and likely colloquies between court and counsel, that are pertinent to our review of weight and sufficiency. Because portions of the record upon which their directed-verdict argument depends are not properly before us, we overrule the remaining portion of the Fites' first assignment of error.
 {¶ 8} Next we address the second assignment of error relating to whether the trial court erred in denying the Fites' motion for JNOV or a new trial. The Fites argue on appeal, as they did below, that the trial court erred in not granting their motion for a new trial based on Civ.R. 59(A)(6). The Fites contend that the verdict was not supported by competent, credible evidence, and that it was contrary to law. In particular, the Fites maintain that the uncontroverted testimony of Dr. Sudak, a psychiatric medical expert for the Fites, demonstrated that University Hospital and Ruxeniene had failed to provide the standard of medical care necessary to protect the decedent.
 {¶ 9} When reviewing the denial of JNOV, we must construe the evidence most strongly in favor of the nonmoving party and, without weighing the evidence or considering the credibility of the witnesses, determine whether reasonable minds could have only come to a conclusion adverse to that party.[3] When reviewing a motion for a new trial based on the weight of the evidence under Civ.R. 59(A)(6), we may order a new trial only where the jury's verdict is not supported by competent, substantial, and credible evidence.[4]
 {¶ 10} As we have discussed previously, the portions of the record upon which the Fites JNOV and new-trial motion depends are not properly before us. Moreover, without an entire transcript of the proceedings, we are unable to determine whether Dr. Sudak's testimony was in fact uncontroverted. As a result, we cannot conclude that the omitted evidence had no bearing on the challenged findings relating to the medical standard of care. Having no way of knowing the complete basis for the court's findings, we have no choice but to presume regularity in the proceedings below. Accordingly, the Fites' second assignment of error is overruled. Having found no error prejudicial to the Fites, we affirm the judgment of the trial court in their appeal.
 {¶ 11} University Hospital and Ruxeniene allege in their cross-appeal that the trial court erred in overruling their motion for costs. In support of their argument, University Hospital and Ruxeniene rely on the same portions of the transcript that have been provided by the Fites. University Hospital and Ruxeniene first maintain that they should have been awarded costs for the depositions of Johnson, Pauline Fite, Leonard Fite, Dr. Rosen, Knapp-Sikes, Dr. Sudak, and Dr. Manges, because the depositions were used at trial for impeachment purposes. They also argue that they should have been awarded costs for the depositions of Collins and Evans, which were apparently read into the record. They further allege that they should have been awarded costs for the 911 transcript submitted as evidence. They contend that they should have been awarded costs for the deposition of Dr. Lehrer and a second deposition of Dr. Rosen, which were not used at trial because they involved inadmissible evidence of damages. And they allege that they should have been awarded expenses incurred for taking and defending against the depositions.
 {¶ 12} A trial court is authorized to award costs under Civ.R. 54(D), which states that, unless provided otherwise by statute or the civil rules, costs are to be awarded to the prevailing party. The assessment of costs is a matter within the discretion of the trial court, and, absent an abuse of discretion, the trial court's decision must be upheld.[5]
"Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment."[6] But the categories of litigation expenses included in "costs" are limited.[7]
This court has determined that expenses for photocopies, long-distance phone calls, exhibits, and expert-witness fees do not constitute costs.[8] Furthermore, we have previously held that the trial court may tax as costs expenses for depositions actually introduced at trial, but may not include expenses for depositions that were not introduced at trial.[9]
 {¶ 13} As previously discussed, we have not been provided with those portions of the transcript relating to the testimony of Johnson, Dr. Manges, Dr. Rosen, Collins, and Evans, or with the 911 transcript. Without evidence that the depositions and the 911 transcript were introduced at trial, we hold that University Hospital and Ruxeniene have not demonstrated that the trial court abused its discretion in refusing to award costs for those expenses.
 {¶ 14} With respect to the testimony of Pauline Fite, Leonard Fite, Knapp-Sikes, and Dr. Sudak, which is included in the record, we note that deposition testimony was used only against Leonard Fite and Knapp-Sikes. And while portions of the depositions of Pauline Fite and Dr. Sudak were used for impeachment purposes, the depositions were not introduced at trial. University Hospital and Ruxeniene have not provided a statutory basis upon which to award costs for the use of these depositions. Accordingly, we hold that the trial court did not abuse its discretion in refusing to award costs for the deposition testimony of Pauline Fite, Leonard Fite, Knapp-Sikes, and Dr. Sudak.
 {¶ 15} With respect to the deposition testimony of Dr. Lehrer and the second deposition of Dr. Rosen, we hold that the trial court did not abuse its discretion in overruling the motion for costs, where the deposition testimony was not used at trial and where University Hospital and Ruxeniene did not specify the statutes supporting their contention that such expenses were permitted to be taxed as costs.
 {¶ 16} Finally, the trial court did not abuse its discretion in refusing to award expenses associated with taking and defending against the depositions. Such expenses included travel fees, subpoena costs, and expert-witness fees, which are impermissible to tax as costs. Accordingly, the assignment of error in the cross-appeal is without merit, and the judgment of the trial court is affirmed.
Judgment Affirmed.
Winkler, P.J., concurs.
Gorman, J, concurs in judgment only.
[1] See Knapp v. Edwards Laboratories (1981),61 Ohio St.2d 197, 199, 400 N.E.2d 384.
[2] See id.
[3] See Osler v. Lorain (1986), 28 Ohio St.3d 345, 347,504 N.E.2d 19.
[4] See Dillon v. Bundy (1992), 72 Ohio App.3d 767, 774,596 N.E.2d 500.
[5] See Keaton v. Pike Community Hosp. (1997),124 Ohio App.3d 153, 156, 705 N.E.2d 734.
[6] Williamson v. Ameritech Corp. (1998), 81 Ohio St.3d 342,343, 691 N.E.2d 288, citations omitted.
[7] See Centennial v. Liberty Mut. Ins. Co. (1982),69 Ohio St.2d 50, 50, 430 N.E.2d 925.
[8] See Lewis v. Clark Equipment Co., 2001-Ohio-4020; 1st Dist. Nos. C-990441, C-990687, and C-990714; Parker v. I FInsulation Co., Inc. (1998), 1st Dist. C-960602.
[9] See Parker v. I F Insulation Co., Inc., supra.