OPINION.
{¶ 1} Plaintiffs-appellants Mary Therese and Gary Capeheart appeal the judgment entered pursuant to a jury's verdict on her claim for personal injuries and her husband's claim for loss of consortium. Capeheart alleged that she was injured on August 31, 1998, when the automobile she was driving collided with the automobile driven by defendant-appellee Timothy M. O'Brien. O'Brien admitted that his negligence had caused the accident, but disputed that Capeheart had suffered any injuries. We conclude that the jury's verdict was supported by competent, credible evidence and overrule the Capehearts' assignments of error.
 {¶ 2} After the accident, Capeheart was treated for lacerations to her leg, bruised ribs, and injuries to her shoulder, back, neck, jaw, and right hand. The trial court entered partial summary judgment for O'Brien on the issue of Capeheart's shoulder-injury claims. At trial on the issue of damages, the evidence established that Capeheart had experienced two automobile accidents before her collision with O'Brien. In a 1994 accident, she had sustained injuries to her shoulder, mid-back, and neck. She was treated for these injuries for over one year. Twenty-one days before the collision with O'Brien, she was involved in a low-impact collision after suffering a seizure while driving.
 {¶ 3} At the conclusion of the evidence, the trial court granted O'Brien's motion for a directed verdict on Capeheart's jaw-injury claims. Although her remaining claims for damages totaled over $12,000 in medical expenses and lost wages, the jury awarded Therese Capeheart only $3,100 in damages. The jury returned a defense verdict on her husband's loss-of-consortium claim.
 {¶ 4} In her first assignment of error, Capeheart asserts that the trial court erred in failing to sustain her objection to O'Brien's "improper impeachment" of her credibility during opening statement, and in failing to grant a mistrial. She claims that O'Brien's opening statement violated the method for impeachment by self-contradiction described in Evid.R. 613 and resulted in an unfair trial.
 {¶ 5} During a fifteen-minute period of O'Brien's opening statement and over Capeheart's objection, O'Brien's counsel used an enlarged reproduction of her 2001 deposition testimony in which she had stated that she did not "believe" that she had ever had problems "of any kind" with her mid-back before the O'Brien collision. O'Brien's counsel then commented repeatedly that the medical records, stipulated to by the parties, and the testimony of the expert witnesses would reveal that she had incurred a wide variety of neck, back, and shoulder injuries before the O'Brien accident.
 {¶ 6} As O'Brien correctly argues, an opening statement is not evidence. See State v. Smith (1992), 84 Ohio App.3d 647, 662,617 N.E.2d 1160; see, also, Wiley v. Good Samaritan Hosp., 1st Dist. Nos. C-030131 and C-030181, 2004-Ohio-763, at ¶ 14. It is intended only to advise the jury what counsel expects the evidence to show. See Statev. Brown (1996), 112 Ohio App.3d 583, 599, 679 N.E.2d 361. The Rules of Evidence have only limited application in opening statement.
 {¶ 7} When argument turns into disparagement without an evidentiary basis, it is improper. See Furnier v. Drury (Dec. 10, 2004), 1st Dist. No. C-030067. But counsel must be afforded wide latitude during opening statement and is allowed fair comment on the facts to be presented at trial. See State v. Leonard, 104 Ohio St.3d 54, 2004-Ohio-6235,818 N.E.2d 229, at ¶ 157; see, also, Maggio v. Cleveland (1949),151 Ohio St. 136, 84 N.E.2d 912, paragraph two of the syllabus.
 {¶ 8} Here, the remarks of O'Brien's counsel, while damaging to Capeheart's case, were "fair comment" on her deposition testimony. As damages were contested, Capeheart should have anticipated that O'Brien would highlight her preexisting conditions at trial. Indeed, Capeheart attempted to counteract this tactic in her own opening statement. Her counsel admitted to her other health conditions and to the injuries she had sustained in other automobile accidents. The jury also received the customary admonition from the trial court that the opening statements were not to be considered as evidence.
 {¶ 9} In light of the evidence and the jury instruction, we hold that the trial court did not abuse its discretion in overruling Capeheart's objection, as its decision was not unreasonable, arbitrary, or unconscionable. See Meyers v. Hot Bagels Factory (1999),131 Ohio App.3d 82, 99-100, 721 N.E.2d 1068; see, also, Huffman v.Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 97, 482 N.E.2d 1248. As the denial of a motion for a mistrial also lies within the sound discretion of the trial court, see Tracy v. Merrell Dow Pharmaceuticals, Inc.
(1991), 58 Ohio St.3d 147, 569 N.E.2d 875, the first assignment of error is overruled.
 {¶ 10} In the third and fourth assignments of error, Capeheart asserts that the jury's verdict was based on insufficient evidence and was against the manifest weight of the evidence. She argues that the jury "lost its way" when it committed a mathematical error in totaling the damage award on the jury forms, and that it further erred in concluding that O'Brien had successfully rebutted her proof of the extent of her damages.
 {¶ 11} In a civil proceeding, qualitative and quantitative distinctions between the weight and the sufficiency of the evidence are not recognized. See State v. Hunter (2001), 144 Ohio App.3d 116, 121,759 N.E.2d 809. Therefore, in the appeal of a civil case, the test for the sufficiency and the manifest weight of the evidence is essentially the same. Under the civil standard, as long as some competent and credible evidence supports the judgment, it cannot be reversed. See Myersv. Garson (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
 {¶ 12} Competent, credible evidence is in this record to support the jury's final damage award. The trial court timely detected that the general verdict was inconsistent because the jury had incorrectly totaled the amounts it had awarded for pain and suffering and medical expenses. The trial court, as provided in Civ.R. 49(B), properly ordered the jury to recompute the damages. The corrected total shown on the verdict form was incorporated into the trial court's judgment.
 {¶ 13} The evidence at trial revealed that Capeheart had suffered from neck and back pain before the August 31, 1998, automobile collision with O'Brien. Her expert witnesses had less than complete knowledge of these preexisting conditions. After conducting an independent medical examination and reviewing her medical records for the defense, O'Brien's expert witness, an orthopedic surgeon, testified that Capeheart's neck and back problems were not caused by the August 31, 1998, accident, but rather were symptoms of a preexisting degenerative condition that had been aggravated by numerous shoulder dislocations.
 {¶ 14} The weight to be given the evidence and the credibility of the witnesses are primarily for the jury, sitting as the trier of the facts. See State v. DeHass (1967), 10 Ohio St. 2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The evidence in this case supports the jury's verdict in which it found that most of Capeheart's claimed medical expenses and alleged pain and suffering were not proximately caused by the automobile collision with O'Brien. Therefore, the third and fourth assignments of error are overruled.
 {¶ 15} In her second assignment of error, Capeheart argues that the trial court erred in taxing one-half of the costs against her when she was the prevailing party in the action. After receiving O'Brien's proposed judgment entry,[1] the trial court entered judgment on the jury's verdict awarding $3,096.47 in damages to Capeheart. The trial court then noted that O'Brien had "prevailed on the lion's share of claimed damages through his counsel's diligent efforts" in obtaining partial summary judgment on Capeheart's claim for $35,000 in damages for injury to her right shoulder, and in obtaining a directed verdict on her claim for jaw injuries. The trial court then ordered that "each side * * * pay one-half of the Court costs assessed."
 {¶ 16} Under Civ.R. 54(D), "costs shall be allowed to the prevailing party unless the court otherwise directs." The rule "grants trial courts discretion to order prevailing parties to bear all or part of their own costs." State ex rel. Frailey v. Wolfe, 92 Ohio St.3d 320, 321,2001-Ohio-197, 750 N.E.2d 164 (citations omitted). Ordinarily, the trial court may tax costs against a prevailing party only where it has "done something deserving of criticism that forces the other party to incur otherwise avoidable deposition costs." York v. Collins (Dec. 22, 2000), 1st Dist. No. C-000125. The rule, however, does not "empower the court to award costs to a non-prevailing party." Vance v. Roedersheimer,64 Ohio St.3d 552, 1992-Ohio-89, 555, 597 N.E.2d 153.
 {¶ 17} It is undisputed that Therese Capeheart was a prevailing party for purposes of Civ.R. 54(D), as the jury awarded her approximately $3,100 more than she had before the verdict was rendered. See Jones v.Lindsey (Nov. 1, 1995), 1st Dist. Nos. C-940701 and C-940786. But in the Ohio Supreme Court's view of Civ.R. 54(D), "[d]enying costs to both parties can be appropriate when neither party entirely prevails." State exrel. Reyna v. Natalucci-Persichetti, 83 Ohio St.3d 194, 198, 1998-Ohio-129,699 N.E.2d 76. Under this analysis we have held that it "is clear that costs may still be awarded in the court's discretion regardless of the `prevailing party' language." Siuda v. Howard, 1st Dist. Nos. C-000656 and C-000687, 2002-Ohio-2292, at ¶ 77.
 {¶ 18} While Capeheart was partially successful in her claims for damages relating to her back and neck injuries, we hold that the trial court could have reasonably concluded that O'Brien had "prevailed" in defending against her other claims. Under this standard, the trial court's taxing of a portion of the costs against Capeheart did not demonstrate an unreasonable, arbitrary, or unconscionable attitude. SeeState ex rel. Reyna v. Natalucci-Persichetti. The second assignment of error is overruled.
 {¶ 19} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Hildebrandt, P.J., and Sundermann, J., concur.
[1] Both parties argue that Capeheart also filed a proposed judgment entry, but that document is not in the record certified for our review.