[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Appellant Robert S. Baughman filed a pro se notice of appeal in which he used the incorrect caption, "Robert S. Baughman v. Michael Hoffbauer." Consequently, that incorrect caption has been used on all documents in this court. In this entry, we use the correct caption from the trial court.
 JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
Appellant Robert S. Baughman appeals the probate court's decision denying his motion to set aside a final decree of adoption. We find no merit in his arguments, and we affirm the probate court's judgment.
The record shows that Baughman is the natural father of a child formerly known as Robert S. Baughman, II. The child's mother is Rana Hoffbauer, who is married to appellee Michael Hoffbauer. Michael Hoffbauer filed a petition to adopt his stepson in which he alleged that Baughman's consent to the adoption was not required because he had failed to communicate with the child for at least one year before the adoption petition.
As required by R.C. 3017.11 and the local rules of court, Hoffbauer's counsel sent notice of the petition and of a scheduled hearing by certified mail to 1327 Woodland Avenue. That address was the address on file with the Hamilton County Juvenile Court for actions related to child support. The certified mail notice was returned marked "refused." That same day, counsel sent the notice by regular mail, which was not returned.
After a hearing, the court found that Baughman's consent to the adoption was not necessary. It also found that the adoption was in the child's best interest and entered a final order of adoption.
Subsequently, Baughman filed a motion to set aside the adoption, in which he contended that he did not receive notice of the adoption petition or the hearing on that petition. At a hearing before a magistrate, he contended that his address was 7163 Cloverwood Court, and that he had owned that property since March 2000. Baughman's mother and brothers lived at the Woodland Avenue address. He had lived there at the time the juvenile court journalized the support order and had never notified the court of his new address. Although he claimed to have notified the Child Support Enforcement Agency of his new address by writing it on the back of a coupon slip, he admitted that the agency's records did not reflect the change of address. He also admitted that he did not inform the Hoffbauers of his new address. Further, even after the filing of his motion to set aside the adoption, he received a citation for possession of marijuana that listed his address as "1327 Woodlawn Av."
After hearing the evidence, the magistrate stated, "It is the court's belief that Mr. Baughman never informed the Hoffbauers of his Cloverwood address. It is the further belief of this court that Mr. Baughman continues to use the Woodland Avenue address when it suits his purposes[.]" The magistrate later stated, "The court will not permit Mr. Baughman to withhold information regarding his address and then claim violation of his procedural and substantive rights."
The magistrate went on to hold that the notice sent to Baughman was reasonably calculated to reach him and complied with the requirements of R.C. 3107.11(A)(2). The magistrate stated, "The petitioner was not required to search for alternative addresses for Mr. Baughman, absent the belief that the Woodland Avenue address was not the actual address for the birth father." Therefore, the magistrate denied the motion to set aside the final decree of adoption. Baughman filed objections to the magistrate's report. The trial court overruled his objections and affirmed the magistrate's decision. This appeal followed.
Baughman presents three assignments of error. In his first assignment of error, he contends that the trial court erred in finding that he received proper notice in compliance with R.C. 3107.11(A)(2). He argues that Michael Hoffbauer failed to exercise due diligence to determine a proper address and that a cursory mailing to a former address was not consistent with due process. This assignment of error is not well taken.
First, we note that Baughman's motion was essentially a motion under Civ.R. 60(B) for relief from judgment. But an adoption order entered without the proper notice as provided for by statute is void. See Stateex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 553 N.E.2d 650;Claims Mgmt. Services, Inc. v. Tate (Sept. 29, 2000), 1st Dist. No. C-000034. Because a court has inherent power to vacate a void judgment, a party who asserts that the court lacked personal jurisdiction need not meet the requirements of Civ.R. 60(B). Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941; Tate, supra.
R.C. 3107.11(A)(2) provides that "[a]fter the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. * * * At least twenty days before the date of the hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all [a] person whose consent is not required as provided by division (A), (G), (H) or (I) of section3107.07 of the Revised Code and has not consented[.]"
The notice of the filing of a petition for adoption and the hearing on that petition "shall be given as specified in the rules of Civil Procedure." R.C. 3107.11(B); Askew v. Taylor, 5th Dist. No. 2004CA00184, 2004-Ohio-5504. Civ.R. 73 governs procedure in the probate division of the court of common pleas. It states that the notice may be served by certified mail and by ordinary mail if the certified mail envelope is returned with an endorsement showing it was refused. Civ.R. 73(E). Under the local rules, counsel for the petitioner is responsible for all required notices in adoption proceedings. Local Rule 75.1(C)(1) of the Probate Division of the Hamilton County Court of Common Pleas. Courts will presume service to be proper in cases where the civil rules are followed unless sufficient evidence rebuts the presumption. CincinnatiIns. Co. v. Emge (1997), 124 Ohio App.3d 61, 705 N.E.2d 408; Leman v.Fryman, 1st Dist. No. C-010056, 2002-Ohio-191.
In addition to conforming with the civil rules, service of process must also comport with the requirements of due process. Akron-Canton RegionalAirport Auth. v. Swinehart (1980), 62 Ohio St.2d 403, 406 N.E.2d 811;Leman, supra. Service of process is consistent with due process standards where it is reasonably calculated to give interested parties notice of a pending action. Mitchell v. Mitchell (1980), 64 Ohio St.2d 49,413 N.E.2d 1182; Leman, supra.
In this case, Michael Hoffbauer and his counsel complied with the civil rules. They sent notice of the adoption petition and the hearing to the address that was on file in the juvenile court in the support action and at which Baughman had received notice of those proceedings. The certified mail envelope was returned marked "refused," not undeliverable or unknown. Consequently, counsel sent the notice by ordinary mail, which was not returned.
We reject Baughman's argument that due diligence required Michael Hoffbauer to search Hamilton County property records to ascertain his new address. Competent, credible evidence supported the probate court's finding that Baughman used the Woodland Avenue address when it suited his purposes and that he failed to give the Hoffbauers notice of his new address. See Shemo v. Mayfield Hts., 88 Ohio St.3d 7, 2000-Ohio-258,722 N.E.2d 1018. He even acknowledged that the Woodland Avenue address was still listed on his driver's license.
Under the circumstances, we hold that the notice was reasonably calculated to give Baughman notice of the proceedings and that the trial court did not err in overruling his motion to set aside the final adoption order. The probate court simply did not believe Baughman's version of events. But matters as to the credibility of evidence are for the trier of fact to decide. Kalain v. Smith (1986), 25 Ohio St.3d 157,495 N.E.2d 572; Capeheart v. O'Brien, 1st Dist. No. C-040223, 2005-Ohio-3033. Accordingly, we overrule Baughman's first assignment of error.
In his second assignment of error, Baughman contends that the trial court erred by finding that his consent to the adoption was not required under R.C. 3107.07(A). He argues that Michael Hoffbauer did not show by clear and convincing evidence that Baughman did not have justifiable reason for failing to provide maintenance and support and to communicate with his son. This assignment of error is not well taken.
Since the judgment was not void, but merely voidable on this basis, Baughman must have met the requirements of Civ.R. 60(B) to have it set aside. See Tate, supra; Caldwell v. Alston (Oct. 2, 1996), 1st Dist. No. C-950688. He failed to demonstrate that he was entitled to relief under any of the grounds stated in Civ.R. 60(B)(1) through (5). See GTEAutomatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113; Caldwell, supra. Further, he has not provided us with a transcript of the hearing where the court determined the issue of consent. Therefore, we have nothing to pass upon and no choice but to presume the validity of the probate court proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384; Estate of Fitev. Univ. Hosp., 1st Dist. Nos. C-030225 and C-030242, 2004-Ohio-1266. We overrule Baughman's second assignment of error.
In his third assignment of error, Baughman contends that the court erred by granting the petition for adoption without conducting a best-interest hearing. He argues that he was not afforded the right to attend such a hearing. This assignment of error is not well taken.
Even if a probate court determines that a natural parent's consent is unnecessary, the court must still determine that the adoption is in the child's best interest. The parent is entitled to notice of the best-interest hearing. In re Adoption of Kuhlmann (1994),99 Ohio App.3d 44, 649 N.E.2d 1279; In re Adoption of Jorgensen
(1986), 33 Ohio App.3d 207, 515 N.E.2d 622. In this case, the record does not support Baughman's assertion that the court did not hold a best-interest hearing. In fact, the magistrate's decision specifically stated that, following a hearing, the court had found that the "best interests of the child will be served by the adoption."
Since Baughman has not provided us with a transcript of the hearing, we have no choice but to presume regularity. Knapp, supra; Estate of Fite,
supra. He is really just rearguing the notice issue, but we have already determined that he was given proper notice of the petition and the hearing. He has failed to meet his burden of showing error by reference to the matters in the record. See Estate of Fite, supra. Therefore, we overrule his third assignment of error and affirm the probate court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Hendon, JJ.