[Cite as *Byron v. Byron*, 2012-Ohio-1632.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ELIZABETH M. BYRON, | : | APPEAL NO. C-110576 |
| | | TRIAL NO. DV1100054 |
| Petitioner-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MARK EDWARD BYRON, | : | |
| Respondent-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations
Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 13, 2012

*Moskowitz & Moskowitz, LLC, James H. Moskowitz* and *Joel S. Moskowitz*, for
Petitioner-Appellee,

*Heekin & Heekin* and *Christopher R. Heekin,* for Respondent-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    Respondent-appellant Mark Byron appeals the decision of the trial court issuing a civil protection order against him, which ordered him to stay away from petitioner-appellee Elizabeth Byron.   In his sole assignment of error, he contends that the trial court erred in granting the order.  He argues that the evidence was insufficient to support the court's finding that he had placed Elizabeth in fear of imminent serious physical harm.   He also argues that the court's judgment was against the manifest weight of the evidence.   The assignment of error is not well taken.

{¶2}    R.C. 3113.31(E)(1) provides that "the court may grant any protection order * * * to bring about a cessation of domestic violence against the family or household members."   When granting a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 1997-Ohio-302, 679 N.E.2d 672, paragraph two of the syllabus.

{¶3}    A court may grant a domestic violence protection order if a person places a family or household member in fear of imminent physical harm by force or threat of force.  *Richter v. Richter*, 12th Dist. No. CA2009-02-055, 2009-Ohio-3828, ¶ 9-17; *Hunter v. Hunter,* 2nd Dist. No. 21285, 2006-Ohio-6307, ¶ 9-13.   The petitioner's fear of imminent danger must be reasonable.  Evidence of a history of domestic violence by the respondent against the petitioner is relevant to determining the reasonableness of the petitioner's fear.  *Fleckner v. Fleckner*, 177 Ohio App.3d 706, 2008-Ohio-4000, 895 N.E.2d 896, ¶ 21 (10th Dist.).

{¶4}   In a civil case, the tests for reviewing the weight and sufficiency of the evidence are essentially the same. *In re E.S.*, 1st Dist. Nos. C-100725 and C-100747, 2011-Ohio-586, ¶ 3.  We will not reverse the trial court's findings as long as they were supported by competent, credible evidence.  *Myers v. Garson*, 66 Ohio St.3d 610, 614-615, 1993-Ohio-9, 614 N.E.2d 742; *Capeheart v. O'Brien*, 1st Dist. No. C-040223, 2005-Ohio-3033, ¶ 11.

{¶5}   A magistrate specifically found that Mark had held Elizabeth down on the bed with a clenched fist held in front of her face, and had threatened to "end" her. He had also grabbed the parties' infant son and had "shoved" him on the bed.  Mark admitted that he had behaved inappropriately to Elizabeth's mother the day after the incident and in several subsequent emails to Elizabeth.  Additionally, evidence was presented at the full hearing on the petition for the protection order that Mark had already violated the ex parte order by calling Elizabeth on the telephone.

{¶6}   Under the circumstances, the trial court's finding that Elizabeth had an objectively reasonable fear of imminent danger was supported by competent, credible evidence.  *See Richter*, 2009-Ohio-3828, at ¶ 14-18; *Hunter*, 2006-Ohio-6307, at ¶ 9-13.  Therefore, we overrule Mark's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**HILDEBRANDT, P.J.,** and **FISCHER, J.,** concur.

Please note:
    The court has recorded its own entry this date.