[Cite as *Foster v. Idegy, Inc.*, 2014-Ohio-3015.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Raquel A. Foster, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-948 |
| v. | : | (C.P.C. No. 12CV-02-2171) |
| Idegy, Inc. et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on July 8, 2014

*Law Offices of Russell A. Kelm*, and *Russell A. Kelm*, for appellant.

*Ice Miller LLP*, *James E. Davidson*, and *J. David Campbell*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Plaintiff-appellant, Raquel A. Foster, appeals from a judgment of the Franklin County Court of Common Pleas, which required her to pay one-half of the total court costs accrued in the trial court. For the following reasons, we affirm.

I. BACKGROUND

{¶ 2} Appellant filed a complaint in the Franklin County Court of Common Pleas asserting claims for breach of contract and age discrimination. Appellant sought damages in excess of $25,000 for her breach of contract claim and $3.5 million in damages for her age discrimination claim. The case proceeded to trial, and the jury returned a verdict in favor of appellant on her breach of contract claim awarding appellant $13,201 in damages and a verdict in favor of defendants-appellees, Idegy, Inc. and Matthew A. Grossman, on appellant's age discrimination claim.

{¶ 3}   The trial court memorialized the split verdict in its July 25, 2013 "Final Judgment Entry," and further ordered that "the parties * * * bear their own [court] costs." (July 25, 2013 Entry, 2.)  Upon learning that appellant refused to pay any court costs, the trial court issued a subsequent "Clarification and Order to Pay Court Costs."  The trial court determined that, because appellant prevailed on her breach of contract claim and appellees prevailed on appellant's age discrimination claim, each party was responsible for one-half of the court costs.  This appeal followed.

## II.  ASSIGNMENT OF ERROR

{¶ 4}   Appellant brings a sole assignment of error for our review:

> THE TRIAL COURT ERRED IN ASSESSING ONE-HALF OF THE COURT COSTS AGAINST A PLAINTIFF WHO PREVAILED WITH A JURY VERDICT AT TRIAL.

## III.  DISCUSSION

{¶ 5}   In her sole assignment of error, appellant specifically argues that, because the jury returned a verdict in her favor on her breach of contract claim, she was a prevailing party, and the trial court lacked authority to allocate any court costs against her.  Civ.R. 54(D) governs the award of court costs and provides that "costs shall be allowed to the prevailing party unless the court otherwise directs."  A prevailing party generally is the party in whose favor the decision or verdict is rendered and judgment entered.  *J & H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 10th Dist. No. 13AP-732, 2014-Ohio-1963, ¶ 18.

{¶ 6}   A trial court is empowered to award costs only to a prevailing party.  *Landefeld v. State Med. Bd.*, 10th Dist. No. 99AP-612 (June 15, 2000).  A trial court cannot award costs to a non-prevailing party.  *Day v. Meijer, Inc.*, 10th Dist. No. 99AP-984 (June 6, 2000).  However, a court retains the discretion to require a prevailing party to bear all, or part, of its own costs.  *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555 (1992).  "A trial court's allocation of costs under Civ.R. 54(D), cannot be reversed absent an abuse of discretion."  *Landefeld.*  The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 7}   In support of her argument that the trial court lacked authority to allocate costs against her, appellant relies upon the Supreme Court of Ohio's decision in *Vance.* In *Vance*, after concluding that the defendants prevailed at trial, the court determined that the phrase "unless the court otherwise directs," contained in Civ.R. 54(D), grants the court discretion to order that the prevailing party bear all or part of his or her own costs, but does not empower the court to award costs to a non-prevailing party.

{¶ 8}   The present case is factually distinguishable from *Vance.* Although we recognize that *Vance* prohibits the award of court costs to a non-prevailing party, here, the jury returned a verdict in favor of appellees on appellant's age discrimination claim and a verdict in favor of appellant on her breach of contract claim. Accordingly, as the trial court recognized, both appellant and appellees prevailed for purposes of Civ.R. 54(D).

{¶ 9}   As we determined in *J & H*, a trial court does not commit an abuse of discretion in allocating court costs evenly between two prevailing parties.[1] *J & H* at ¶ 18; *see also Joseph v. Suttle*, 4th Dist. No. 446 (Feb. 10, 1992) (the trial court did not abuse its discretion in allocating court costs evenly between two prevailing parties); *Capeheart v. O'Brien*, 1st Dist. No. C-040223, 2005-Ohio-3033 (the trial court did not err in allocating one-half of the court costs to the plaintiff, even though the plaintiff prevailed on one of her claims, when the defendant successfully defended against the plaintiff's other claims). Therefore, because both parties received a judgment in their favor, they were each a prevailing party, and the trial court did not abuse its discretion in allocating one-half of the court costs to appellant.

{¶ 10}   Accordingly, appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 11}   Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

_____

[1] We note that our decision in *J & H* was rendered on May 8, 2014, subsequent to the submission of the parties' briefs.