[Cite as *Then v. Elizabeth Twp. Bd. of Trustees*, 2024-Ohio-5967.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MICHAEL J. THEN | Case No. 2024-00496PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| ELIZABETH TOWNSHIP BOARD OF TRUSTEES | |
| Respondent | |

{¶1} In this public-records case, Requester has filed written objections to a Special Master's Report and Recommendation. The Court overrules Requester's written objections and adopts the Special Master's Report and Recommendation for reasons discussed below.

**I.     Background**

{¶2} On June 10, 2024, Requester filed a Complaint against Respondent, alleging a denial of access to public records in violation of R.C. 149.43(B). In an attachment to the Complaint, Requester states: "For each record request, I defined both the event and an associated time period. I provided my public records request on May 1, 2024. We received the responses on June 5, 2024. Elizabeth Township never contacted us to provide response status, and we asked twice the status."[1]

{¶3} The Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. Respondent subsequently filed a response, asking for dismissal of the Complaint and the issuance of a judgment in its

---

[1]     In the Report and Recommendation (R&R) the Special Master notes: "Mr. Then's public records request contained 17 unnumbered parts. He only disputes the Township's response to seven of those parts. His complaint denominated the disputed parts as parts 1 through 7, both in the body of his complaint and in the copy of the request attached to his complaint." (R&R, 2, fn. 2.)

favor. Requester filed a reply to Respondent's response, appending additional evidence (i.e., affidavits). The Special Master permitted Respondent to file a surreply.

{¶4} On October 30, 2024, the Special Master issued a Report and Recommendation (R&R) in which the Special Master concludes that Requester's claim for production of records fails for want of proof (R&R, 2-5), that Requester's other claims (i.e., claim of an alleged failure to properly preserve records and claim of an allegedly unreasonable delay by Respondent in responding to Requester's public-records requests) are not properly before the Court (R&R, 6), and costs should be assessed to Requester. (R&R, 6.) The Special Master recommends (1) entering judgment for Respondent on Requester's claim for production of records, (2) denying all other relief, and (3) assessing costs against Requester. (R&R 1, 6.)

{¶5} On November 12, 2024, Requester filed written objections to the Special Master's Report and Recommendation. According to an accompanying Certificate of Service, Requester served a copy of the objections on Respondent's counsel by means of certified mail, return receipt requested. [2] Later—on November 21, 2024—Respondent filed a response in opposition to Requester's written objections. According to an accompanying Certificate of Service, Respondent's counsel served a copy of the response "via ordinary U.S. mail." [3]

---

[2]     Requester's service of objections is in accord with procedural requirements contained in R.C. 2743.75(F)(2). Under R.C. 2743.75(F)(2) either party may object to a Report and Recommendation within seven business days after receiving the Report and Recommendation by filing a written objection with the Clerk and "sending a copy to the other party by certified mail, return receipt requested."

[3]     Respondent's service of its response by "ordinary U.S. Mail" is not in accord with procedural requirements contained in R.C. 2743.75(F)(2). Pursuant to R.C. 2743.75(F)(2), "[i]f either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection *and send a copy of the response to the objecting party by certified mail, return receipt requested*." (Emphasis added.) Thus, by R.C. 2743.75(F)(2)'s express terms, R.C. 2743.75(F)(2) does not permit service of a response by "ordinary U.S. mail."

Despite the irregularity of Respondent's service of its response, the Court is mindful that the Ohio Supreme Court "has repeatedly emphasized the fundamental tenet that courts should strive to decide cases on their merits." *Natl. Mut. Ins. Co. v. Papenhagen*, 30 Ohio St.3d 14, 15 (1987). Therefore, in this instance, despite the procedural irregularity of Respondent's service of its response, the Court shall consider it in this matter.

Based on the Court's review of the docket in this case, there is no confirmation from the United States Postal Service that Respondent has received a copy of the Special Master's Report and Recommendation that was sent by the Court by means of certified mail on October 31, 2024. Despite such lack of confirmation from the United States Postal Service, the Court finds that no material prejudice to Respondent will result if the Court proceeds to a judgment in this case, because, as discussed within, (1)

## II.     Law and Analysis

{¶6} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8.

{¶7} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley* the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

---

the Court determines that a judgment should be issued in Respondent's favor, (2) Respondent has responded to Requester's Objections and in Respondent's Response it refers to the Report and Recommendation, thereby demonstrating knowledge about the existence of the Special Master's Report and Recommendation, and (3) the General Assembly has required that, within seven business days after the response to an objection is filed, this Court "shall issue a final order that adopts, modifies, or rejects the report and recommendation." R.C. 2743.75(F)(2).

*Kelley* at paragraph two of the syllabus.

{¶8} R.C. 2743.75(F)(2) requires that any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." Requester asserts in his Objections that certain factual issues were not properly addressed in the Special Master's Report and Recommendation. (Objections, 1.) Requester maintains, among other things, that:

● With respect to the Background Section of the Report and Recommendation: "[M]y request for public records was not based upon the Trustees actions concerning a noise ordinance and this conclusion is not factual."

● With respect to Section A, Part 1, of the Report and Recommendation: "Affidavits on behalf of the requester not recognized in the report. Key evidence offered to support my claim that a text exists was a statement made by Mr. Ryman at the February 7, 2024 Elizabeth Township Trustees meeting. The meeting was witnessed by myself, my wife, and a neighbor. All three of us submitted affidavits documenting Mr. Ryman's statement, but the affidavits were not recognized by the special master in the report."

● With respect to Section A, Part 1, of the Report and Recommendation: "Evidence provided viewed separately in report, not collectively."

● With respect to Section A, Part 2, of the Report and Recommendation: "Official business was transacted without documenting records."

● With respect to Section A, Parts 4 and 5, of the Report and Recommendation: "Affidavit unclear of what devices searched "Official business was transacted without documenting records."

● With respect to Section A, Part 6, of the Report and Recommendation: "The Report does not recognize a portion of the affidavit testimony was incomplete in relation to my Court of Claims complaint."

● With respect to Section B of the Report and Recommendation: "Report states Requestor's other claims are not properly before the court."

● With respect to Section C (assessment of costs) of the Report and Recommendation: "Ohio Revised Codes and Casetext do not pertain to our complaint."

{¶9} In opposition Respondent contends that Requester's Objections "are nothing more than a restatement of the evidence and arguments he previously made to the Court

in his various filings" and that the Objections "do nothing to alter such findings or cast doubt upon the recommendations of the Special Master."

{¶10} For ease of analysis, the Court shall address some of Requester's Objections together and some of Requester's Objections in an order different from the order presented by Requester.

{¶11} Upon independent review, the Court finds that none of Requester's Objections are persuasive, especially given Requester's burden in this case filed under R.C. 2743.75 to establish by clear and convincing evidence an entitlement to relief. *See Viola*, *supra*, 2021-Ohio-4210, ¶ 16 (8th Dist.).

## A. The Special Master's purported misapprehension of Requester's reason for seeking public records is of no consequence.

{¶12} Requester maintains that his request for public records was not based upon the actions of the Elizabeth Township Board of Trustees concerning a noise ordinance, as suggested by the Special Master in the Report and Recommendation. In construing R.C. 149.43(B), the Ohio Supreme Court "has consistently held that * * * a person does not have to explain his or her reasons for wanting to inspect and copy a public record in order to validly request the record." *Rhodes v. City of New Philadelphia*, 2011-Ohio-3279, ¶ 20, citing *State ex rel. Fant v. Enright*, 66 Ohio St.3d 186, 188 (1993); *Gilbert v. Summit Cty.*, 2004-Ohio-7108, ¶ 10. To the extent that the Special Master may have misapprehended Requester's reason, or reasons, for the public-records request, such misapprehension is of no consequence.

## B. Certain Objections have qualities akin to a manifest-weight-of-the-evidence challenge in civil cases and these certain objections are not persuasive.

{¶13} Some of Requester's Objections to Section A, Parts 1 and 6 (e.g., claims that certain affidavits of Requester were not recognized, certain evidence was not viewed collectively, certain affidavit testimony was incomplete) raise arguments akin to a manifest-weight-of-the-evidence challenge in civil cases. *See Eastley v. Volkman*, 2012-Ohio-2179, ¶ 17-23 (determining that the standard of review for manifest weight of the evidence, as set forth in *State v. Thompkins*, 78 Ohio St.3d 380 (1997), applies in civil cases); *State v. Thompkins*, 78 Ohio St.3d 380 (1997). In *Thompkins* the Ohio Supreme Court stated:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*." (Emphasis added.) [*Black's Law Dictionary* 1594 (6th Ed. 1990)].

*Thompkins* at 387. After reviewing the evidence submitted by Requester and Respondent on September 23, 2024, the Court concludes that Requester's contentions that the Special Master failed to recognize evidence that Requester maintains is "key," that evidence was not viewed collectively, that certain affidavits were "incomplete" are not persuasive.

## C. This Court lacks statutory authority under R.C. 2743.75 to determine Requester's claims that official business was transacted without documentation.

{¶14} This Court is a statutorily created court, *see* R.C. 2743.03; *State ex rel. DeWine v. Court of Claims of Ohio*, 2011-Ohio-5283, ¶ 19, which may exercise only such powers as are directly conferred by legislative action. *State ex re. DeWine* at ¶ 19. In R.C. 2743.75(A) the General Assembly established that this Court shall be the sole and exclusive authority in this State that adjudicates or resolves complaints based on alleged violations of R.C. 149.43(B) (public-records requests), except for a court that hears a mandamus action pursuant to R.C. 149.43(B). *See* R.C. 2743.75(A). A review of R.C. 2743.75(A) discloses that this statute does not confer statutory jurisdiction upon this Court to determine whether a public entity did, or did not, transact official business without documenting records. *Compare* R.C.149.351 (prohibition against destruction or damage of record); R.C. 121.22(I)(1) and (2) (enforcement of alleged violation of Open Meetings Act).

{¶15} Requester's contention that in Section A, Parts 2, 4, and 5 the Special Master failed to adequately address Requester's claim that official business was transacted without appropriate documentation is not persuasive.

**D. The Special Master has identified the relevant facts and has correctly applied statutory law and case law as they existed at the time of the filing of Requester's Complaint.**

{¶16} R.C. 2743.75(F)(1) requires a Special Master to submit to this Court a report and recommendation "based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." Despite Requester's Objections that the Special Master misapplied the law to the relevant facts, based on the Court's independent review, the Court concludes that the Special Master has identified in the Report and Recommendation the relevant facts and that the Special Master has correctly applied statutory law and case law as they existed at the time that Requester filed his Complaint.

**E. The Special Master's recommendation to assess court costs against Requester is consistent with the ordinary application of Ohio law.**

{¶17} In Section C of the Report and Recommendation, the Special Master recommends the assessment of costs against Requester because Requester implicitly agreed to pay those costs by filing this case. The Special Master's recommendation to assess court costs against Requester based on an implied contract is consistent with Ohio law. In *Strattman v. Studt*, 20 Ohio St.2d 95 (1969), paragraph six of the syllabus, the Ohio Supreme Court held: "The duty to pay court costs is a civil obligation arising from an implied contract." The Ohio Supreme Court explained, "By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment." *Strattman* at 103. *Accord Foster v. Idegy, Inc.*, 2014-Ohio-3015, ¶ 6 (10th Dist.), citing *Landefeld v. State Med. Bd.*, 2000 Ohio App. LEXIS 2556 (10th Dist. June 15, 2000) ("[a] trial court is empowered to award costs only to a prevailing party").

{¶18} Because the Special Master concluded in the Report and Recommendation that judgment should be rendered in favor of Respondent (not Requester), a recommendation to assess court costs against Requester—a non-prevailing party—is consistent with Ohio law. Requester's Objection concerning the Special Master's recommendation to assess court costs against Requester is unpersuasive.

**III.    Conclusion**

{¶19} The Court OVERRULES Requester's written objections and ADOPTS the Special Master's Report and Recommendation for reasons explained above. In accordance with the Special Master's recommendations, the Court enters judgment for Respondent on Requester's claim for production of records, denies all other relief, and assesses court costs against Requester. The Clerk shall serve upon all parties notice of this Decision and Entry and its date of entry upon the journal.

LISA L. SADLER
Judge

Filed November 25, 2024
Sent to S.C. Reporter 12/20/24