THE STATE EX REL. CHATFIELD, APPELLANT, *v.* GAMMILL, CHIEF, APPELLEE.

[Cite as *State ex rel. Chatfield v. Gammill,*

**132 Ohio St.3d 36, 2012-Ohio-1862.**]

*Court of appeals' judgment denying request for writ of mandamus affirmed.*

(No. 2011-1843—Submitted April 24, 2012—Decided May 1, 2012.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-119,

2011-Ohio-4596.

_____

**Per Curiam.**

{¶ 1}   We affirm the judgment of the court of appeals denying the request of appellant, inmate James L. Chatfield, for a writ of mandamus to compel appellee, Stephen Gammill, chief of police of the city of Columbus, Ohio, to provide him with access to any records relating to the theft and impoundment of a white Ford Explorer allegedly being driven by Christopher Carter in November 2007.

{¶ 2}   Chatfield obtained the required judicial finding pursuant to R.C. 149.43(B)(8) from the Perry County Court of Common Pleas that the requested information was necessary to support what appeared to be a justiciable claim.  In a subsequent entry, the common pleas court specified that the Columbus Division of Police shall provide "any and all" of the requested records.  *See State ex rel. Chatfield v. Flautt*, 131 Ohio St.3d 383, 2012-Ohio-1294, 965 N.E.2d 304.

{¶ 3}   Thereafter, the Columbus Division of Police responded to the request by indicating that it did not have any records regarding the specified incident.  The officer responding to Chatfield's request opined that records regarding the incident did not exist because neither Chatfield nor Carter had been arrested by Columbus police.  The police have " 'no duty to create or provide

access to nonexistent records.' " *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 25, quoting *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15. None of Chatfield's assertions on appeal alter this dispositive fact, and because the police chief submitted an uncontroverted affidavit exhibiting that the police did not have the requested records and Chatfield failed to set forth specific facts showing the existence of a genuine triable issue, summary judgment in favor of the police chief was appropriate. *See State ex rel. Trafalgar Corp. v. Miami Cty. Bd. of Commrs.*, 104 Ohio St.3d 350, 2004-Ohio-6406, 819 N.E.2d 1040, ¶ 27.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

James L. Chatfield, pro se.

Richard C. Pfeiffer Jr., Columbus City Attorney, and Glenn B. Redick, Chief Litigation Attorney, for appellee.

_____