[Cite as *Viola v. Cuyahoga Cty. Pros. Office*, 2021-Ohio-4210.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

ANTHONY VIOLA,                                :

    Requestor-Appellant,            :

    v.                                          :

No. 110315

CUYAHOGA COUNTY                       :
PROSECUTOR'S OFFICE,

    Respondent-Appellee.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 2, 2021

---

Civil Appeal from the Court of Claims of Ohio
Case No. 2020-00506PQ

---

### *Appearances:*

Anthony Viola, pro se

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney,
and Jake A. Elliott, Assistant Prosecuting Attorney, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Requestor-appellant Anthony Viola ("Viola") appeals the decision of the Court of Claims dismissing his complaint, brought pursuant to R.C. 2743.75, alleging a denial of access to public records. For the reasons set forth below, we affirm the decision of the Court of Claims.

## Procedural and Factual History

**{¶ 2}** On July 18, 2020, Viola made a written request to respondent-appellee, Cuyahoga County Prosecutor's Office ("prosecutor's office") for certain documents from the personal email account of Daniel Kasaris ("Kasaris") a former assistant county prosecutor. In the request, Viola indicated he had recently learned that Kasaris used a personal Yahoo email account to conduct official business, including emailing government witness Kathryn Clover ("Clover"), who testified in multiple grand jury and criminal proceedings. Viola also indicated that Kasaris' Yahoo account included his official signature as an assistant Cuyahoga County prosecutor.

**{¶ 3}** In the request, Viola specifically sought:

(1) All email [sic] from this Yahoo account that mention my name, "Anthony Viola" or "Tony Viola."

(2) All emails from this Yahoo account that mention "Dawn Pasela," a former employee of your office who is deceased. I am attaching a copy of Ms. Pasela's obituary, confirming she has no "privacy rights" and that any responsive documents should be made public; and

(3) Emails between Prosecutor Kasaris and Kathryn Clover, or emails that mention "Kathryn Clover."

**{¶ 4}** An employee of the prosecutor's office verbally advised Viola that the office did not maintain, nor could it search, Kasaris' Yahoo account records. On August 18, 2020, Viola filed a complaint, pursuant to R.C. 2743.75, alleging denial of access to public records in violation of R.C. 149.43(B). Viola alleged that the prosecutor's office refused to search Kasaris' Yahoo email account for records responsive to Request Nos. 1 and 2.

**{¶ 5}** After Viola filed the complaint, the prosecutor's office advised Viola, in a letter dated August 28, 2020, that it did not possess any records responsive to Request Nos. 1 and 2. The prosecutor's office attached 572 pages of email communications from its email server that were responsive to Request No. 3. The attached documents were redacted to remove attorney-work product, trial preparation records, and grand-jury materials, all exempt under R.C. 149.43(A)(1)(g) and (A)(1)(v).

**{¶ 6}** On September 9, 2020, Viola submitted a letter to the Court of Claims acknowledging that, after filing his complaint, he had received some responsive records from the prosecutor's office. On September 29, 2020, Viola submitted a second letter, copied to the prosecutor's office, that contained copies of Yahoo email correspondences between Kasaris and Clover. Although neither submission conformed to the Rules of Civil Procedure, the special master directed the clerk to accept the filings because both Viola and the prosecutor's office had relied on the submissions in their subsequent filings.

**{¶ 7}** On November 19, 2020, the special master ordered the prosecutor's office

> to preserve and maintain all emails responsive to requester's public records request that were in the personal email account of Assistant Prosecuting Attorney Dan Kasaris on the date of the request. In order to evaluate any claim that these records are excepted from disclosure, the court may be required to conduct an examination in camera.

*Viola v. Cuyahoga Cty. Prosecutor's Office,* Ct. of Cl. No. 2020-00506PQ, 2021-Ohio-397, ¶ 3.

{¶ 8} On December 4, 2020, following unsuccessful mediation, the prosecutor's office filed a combined response to, and a motion to dismiss Viola's complaint, pursuant to R.C. 2743.75(E)(2), along with an affidavit from Kasaris. In the affidavit, Kasaris averred in pertinent part that he maintained a personal email account through Yahoo, during the time he was employed as an assistant prosecutor with Cuyahoga County but had no recollection of using his personal email for work purposes; that he conducted the business of the prosecutor's office with the email address provided by the employer; and that he had no emails related to his duties as an assistant prosecutor on his personal Yahoo email account.

{¶ 9} Kasaris further averred that he had conducted a search of his personal Yahoo email account, based on the criteria set forth in the public-records request, and that the "search yielded no emails that relate to any case or matter involving the CCPO or that related to my employment or duties with the CCPO." Kasaris' final averment was an acknowledgment that he identified himself as an assistant prosecutor in the "signature block" on his personal emails, but averred it was used "as a means of promoting my political interest but never as a means of or for transacting any actual business of CCPO."

{¶ 10} On December 10, 2020, Viola filed his reply to the prosecutor's office's motion to dismiss. Viola attached a second affidavit from Kasaris in a

separate public-records complaint related to his position of senior assistant Ohio attorney general.[1]  In that affidavit, Kasaris averred that

> On very rare occasions, I have sent to my Yahoo email account copies of emails that I received on my AGO email account.  The emails that I sent from my AGO email to my Yahoo email account were all duplicates of AGO emails. These emails involved a criminal prosecution that was separate and unrelated to any matter involving Mr. Viola.  Once that criminal case concluded, I deleted the duplicate emails from my Yahoo account.  I also saved the emails in my AGO email account to the AGO case file for that case, which are maintained in accordance with the AGO record retention policies.

{¶ 11}  On January 7, 2020, the special master filed his report and recommendation.  The special master found that Viola had not shown that the manner in which the Prosecutor's Office processed his request violated R.C. 149.43(B), nor had Viola shown that any of the materials he submitted required the court to conduct an in camera inspection of Kasaris' Yahoo email account.  The special master recommended that the Court of Claims find that Viola had not shown that the Prosecutor's Office violated R.C. 149.43(B).

{¶ 12}  Over Viola's objection, the Court of Claims adopted the special master's report and dismissed the complaint.

{¶ 13}  Viola now appeals and assigns the following errors for review:

### Assignment of Error No. 1
Following admissions by Assistant Ohio Attorney General Daniel Kasaris   he utilized his private email account for official business, the Ohio Court of Claims erred when it failed to order the Cuyahoga County Prosecutor's Office to search that account for emails responsive to a records request, namely emails between Kasaris and government

---

[1] In that matter, the special master determined that Viola had not proven the assertions by clear and convincing evidence. *Viola v. Ohio AG's Office - Pub. Records Unit*, Ct. of Cl. No. 2020-00507PQ, 2021-Ohio-749 (Report and Recommendation 2021).

witness Kathryn Clover. According to the United States Attorney's Office in Cleveland, Clover committed perjury during her testimony in criminal trials, further confirming releasing emails between Kasaris and government witness Kathryn Clover is in the interest of justice.

## Assignment of Error No. 2

The Court further erred by failing to determine whether or not emails between a prosecutor and a government witness constitute official business, since they relate to criminal prosecutions, a core function of the Prosecutor's Office.

## Law and Analysis

{¶ 14} Preliminarily, Ohio's Public Records Act, codified in R.C. 149.43, provides that upon request a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Ohio courts construe the Public Records Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12.

{¶ 15} R.C. 2743.75 provides "an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records * * *." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 12. R.C. 2743.75 dictates the procedure for these matters, which includes mandatory mediation.

> If the dispute is not resolved through mediation, the public office or person responsible for public records shall file a response and, if applicable, a motion to dismiss the complaint within ten days of the termination of the mediation. R.C. 2743.75(E)(2). No further motion or pleadings shall be accepted unless the special master directs in writing that a further motion or pleading be filed. *Id.* The special master shall not permit any discovery. R.C. 2743.75(E)(3)(a). The

parties may attach supporting affidavits to their respective pleadings. R.C. 2743.75(E)(3)(b). The special master may require either or both of the parties to submit additional information or documentation supported by affidavits. R.C. 2743.75(E)(3)(c).

*Id.* at ¶ 14.

**{¶ 16}** Relevant to the instant matter, a requester must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶ 17}** "In the specific context of public-records-access appeals filed pursuant to R.C. 2743.75(G)(1), Ohio's courts of appeals have applied the standard of appellate review applicable to such mixed questions of law and fact, reviewing the application of a claimed exemption de novo while according due deference to the trial court's factual determinations." *Welsh-Huggins* at ¶ 39.

**{¶ 18}** In the first assignment of error, Viola argues that the Court of Claims erred when it dismissed his complaint. Viola's principal protest is that the Court of Claims should have ordered the prosecutor's office to conduct an in camera search

of Kasaris' private email account to uncover email communications he believes exist between Kasaris and Clover.

{¶ 19} It is beneficial to note here that, pursuant to R.C. 149.011(G), a record is

> any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

*Id.*

{¶ 20} An email message in a public office account readily satisfies the first two prongs of the above definition of "record" in R.C. 149.011(G), as a "document, device, or item," that is "created or received by or coming under the jurisdiction" of the office. Critical to this discussion, an email meets the third and final prong only if it "documents the organization, functions, policies, decisions, procedures, operations, or other activities of the public office." *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 21-23, citing *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.*, 82 Ohio St.3d 37, 42, 693 N.E.2d 789, (1998), fn. 1.

{¶ 21} As previously noted, the prosecutor's office produced 572 pages of email communications, from its email server, responsive to Viola's Request No. 3, that stated "Emails between Prosecutor Kasaris and Kathryn Clover, or emails that mention 'Kathryn Clover.'" Also, earlier we noted, the prosecutor's office advised

Viola that it had no records that were responsive to Request Nos. 1 and 2. As evident here, Request Nos. 1 and 2 undergirds Viola's complaint and permeates his chief protest that the Court of Claims did not order a search of Kasaris' private Yahoo email account.

{¶ 22} However, a public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. In the absence of evidence to the contrary, the [prosecutor's office] may be presumed to have performed its duties including public records identification and retrieval regularly and in a lawful manner. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 29.

{¶ 23} In addition, we noted before, in its motion to dismiss, the prosecutor's office attached the affidavit of Kasaris, who averred that he had not conducted any business of the prosecutor's office with the email address provided by his then employer and that he had no emails related to his duties as an assistant prosecutor on his personal Yahoo email account. Kasaris specifically averred that he searched his private email account, using the criteria Viola provided, but uncovered no emails that relate to any case or matter involving the prosecutor's office or to his employment or duties with that office.

{¶ 24} An office may establish by affidavit that all existing records have been provided. *Toledo-Lucas Cty. Port Auth*. at ¶ 15. This, Viola suggests, is insufficient and counters that an in camera inspection of Kasaris' private Yahoo

email account is required. Although the affidavit may be rebutted by evidence showing a genuine issue of fact, a requester's mere belief based on inference and speculation does not constitute the evidence necessary to establish that a document exists as a record. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 22-26. *See State ex rel. Chatfield v. Gammill*, 132 Ohio St.3d 36, 2012-Ohio-1862, 968 N.E.2d 477, ¶ 3; *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13-14; *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 8th Dist. Cuyahoga No. 83057, 2004-Ohio-1261, ¶ 9.

{¶ 25} At this juncture, because Viola suggests that the steps the prosecutor's office undertook were insufficient, it is worth revisiting the requisite burden.

{¶ 26} Recently, in *Welsh-Huggins*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, the Ohio Supreme Court addressed the legal standard and evidentiary burdens applicable to public record proceedings under R.C. 2743.75.[2] There, the court found that the "public-records-access proceedings in the Court of Claims [are] consistent with the standards that are applicable to mandamus-enforcement actions." *Id.* at ¶ 32. The court underscored that the "burden of persuasion" was at all times on [Requester] to prove his right to relief under R.C.

---

[2] *See id.* at ¶ 20-22 for the court's discussion of the two different aspects of "burden of proof," that are "burden of production" and "burden of persuasion."

2743.75 by the requisite quantum of evidence. *Id.* at ¶ 34. Consequently, the requester must establish entitlement to relief by clear and convincing evidence. *Id.*

{¶ 27} Appropriately, examining Viola's burden under the clear and convincing standard, the special master noted

> In support of his claim, Viola submitted a short string of exemplars from the danieljkasaris@yahoo.com account (Complaint at 5; supplemental pleading I at 3-5; supplemental pleading II at 7-8). However, Viola does not point to any action, decision, or other activity recorded in these emails that documents the official duties or activities of Kasaris as an assistant prosecuting attorney, and none is independently apparent to the special master. The exemplars appear to be entirely personal in nature. Viola has also filed what appear to be some of the emails from Kasaris' office account that were provided to Viola by the Prosecutor's Office. (Supplemental pleading II at 9-87). None are probative of whether additional office records exist in Kasaris' personal email account. Viola points to no gaps in these criminal case file communications that would imply the existence of missing correspondence. Finally, Viola has filed additional documents and affidavits that are either duplicates of previous filings, irrelevant, or gratuitously salacious. (Reply at 8-36.)

*Viola,* Ct. of Cl. No. 2020-00506PQ, 2021-Ohio-397, at ¶ 10.

{¶ 28} After our review, our conclusion comports with that of the special master's. Here, we, like the special master, have found no probative value in the additional evidence Viola submitted, including the string of exemplars from Kasaris' private Yahoo email account. None of the emails we have reviewed reveal anything that would make them conform to the definition of a "record" under R.C. 149.011(G).

{¶ 29} Decisively, nothing in the additional documents remotely suggests that they served to document the organization, functions, policies, decisions, procedures, operations, or other activities of the prosecutor's office. Relying on

*Sinclair Media III v. Cincinnati*, Ct. of Cl. No. 2018-1357PQ, 2019-Ohio-2624, Viola acknowledges in his brief to this court that the operative question in this case is not whether messages at issue were sent to or stored on the personal or private devices, but whether "they document the functions, policies, procedures, operations, or other activities of the [public office]." *Id.*; Appellant's brief at 6.

{¶ 30} Critically, relating to his burden, Viola does not present any evidence that there are any such records on Kasaris' private Yahoo email account, just that there "may be" such records. Thus, there being no public records responsive to Requests Nos. 1 and 2, the prosecutor's office fulfilled its obligation under R.C. 2743.75 and did not violate R.C. 149.43(B). When a requester seeks a nonexistent record, a public office has no duty to provide it. *State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, 171 N.E.3d 257, ¶ 10.

{¶ 31} Nonetheless, in his campaign to secure an in camera search of Kasaris' private email account, Viola broadly claims that Ohio courts routinely treat text messages and emails sent by public officials and employees in the same manner as any other records, regardless of whether messages and emails are on publicly issued or privately-owned devices. In support of this contention, that the prosecutor's office must search Kasaris' private Yahoo email account for work-related communications between Kasaris and Clover, Viola cites *Glasgow,* 119 Ohio St. 3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13.

{¶ 32} However, although *Glasgow* supports the proposition that, in some instances, emails sent by a public official and kept by a public office may indeed

constitute public records subject to R.C. 149.43, *id.* at ¶ 20-23, Viola's reliance on *Glasgow*, in this instance, as implying such a requirement is inapposite.

{¶ 33} In *Glasgow,* a public official voluntarily conceded some of the emails she sent in her official capacity had been kept on her personal email account and produced them as records subject to disclosure under R.C. 149.43. *Id.* at ¶ 23. Given this concession, the court determined it "need not address the issue whether an email message sent from or to a private account can be a public record." *Id.* Besides, the issue in this case is not whether emails to or from a private account can ever be a public record, but whether a public office is required to search employees' private accounts on the off chance that they may contain business records of the office.

{¶ 34} Viola has cited no authority requiring a public office to conduct an in camera search under these circumstances. Although, Kasaris averred that he searched his private email account, there is no requirement that an employee must always review their personal accounts or devices to respond to a public-records request. *See Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475, ¶ 19. A requester's mere disbelief in a public office's assertion of nonexistence does not constitute the clear and convincing evidence necessary to establish that responsive documents do exist. *McCaffrey*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, at ¶ 22-26; *Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, at ¶ 8.

{¶ 35} Unpersuaded, Viola argues that because Kasaris used his assistant prosecutor's title in the signature block of his personal email, those emails constitute

a public record of the prosecutor's office.  As previously noted, Kasaris acknowledged that he identified himself as an assistant prosecutor in the signature block on his personal emails, but averred it was used as a means of promoting his political interests.  Directly pertinent, Kasaris averred that the practice was never used as a means of or for transacting any actual business of the prosecutor's office.

{¶ 36} However, we concluded above that nothing in the additional documents Viola submitted remotely suggests that they would serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the prosecutor's office.  As such, Viola's assertion regarding Kasaris' practice of identifying himself as an assistant prosecutor on the signature block of his private email is not well taken.

{¶ 37} Following our exhaustive review, we conclude that Viola did not meet his burden to prove his right to relief under R.C. 2743.75 by clear and convincing evidence.  In our view, the law imposes an especially heavy burden when requesting that an employer search the private accounts or devices of its employees.  The separation of public and private information must be upheld, unless sufficient facts are submitted to cause the two to merge, rendering the private public.

{¶ 38} Accordingly, we overrule the first assignment of error.

{¶ 39} In the second assignment of error, Viola argues the Court of Claims failed to determine whether the email communication between Kasaris and Clover constituted official business.  However, Viola has redeployed his core arguments

from the first assignment of error. Based on our resolution of the first assignment of error, we need not revisit them now.

{¶ 40} Moreover, a court need not determine issues of law related to whether certain records, generally, are subject to disclosure if it has already determined the request before it does not involve "records" subject to the Ohio Public Records Act. *Viola v. Ohio AG's Office*, 10th Dist. Franklin No. 21AP-126, 2021-Ohio-3828, ¶ 24, citing *Glasgow*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686 at ¶ 25 (finding "we need not decide the issue of whether text messages could generally constitute items subject to disclosure under the Public Records Act" since the requested text messages and correspondence were found to not constitute "records" subject to R.C. 149.43).

{¶ 41} Accordingly, we overrule the second assignment of error

{¶ 42} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, P.J., and
LISA B. FORBES, J., CONCUR