[Cite as *State ex rel. Curtis v. Turner*, 2023-Ohio-1814.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL., MARC D. CURTIS,     :

     Relator,                 :

                              No. 111879

     v.                     :

EARLE B. TURNER, CLERK OF     :
COURTS, CLEVELAND MUNICIPAL
COURT,                        :

     Respondent.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** May 26, 2023

---

Writ of Mandamus
Order No. 564203

---

### *Appearances:*

Marc D. Curtis, *pro se*.

Mark Griffin, Cleveland Director of Law, and Amy K. Hough, Assistant Law Director, *for respondent*.

LISA B. FORBES, J.:

{¶ 1} On August 25, 2022, pursuant to Sup.R. 44-47, the relator, Marc D. Curtis, commenced this public records mandamus action against the respondent,

Earle B. Turner, Clerk of Courts for Cleveland Municipal Court. For the reasons set forth below, we deny his request.

{¶ 2} The dockets of *State v. Curtis,* Cleveland M.C. No. 2019-CRA-000446, and *State v. Curtis,* Cuyahoga C.P. No. CR-19-636250-A, show that Curtis was arrested for rape on January 9, 2019, for an incident occurring on December 24, 2018. On January 11, 2019, the warrant for his arrest was recalled and Curtis was bound over to the common pleas court. The common pleas court docket reflects that the municipal court record was received by the court of common pleas that day. On February 15, 2019, the common pleas court ordered a DNA specimen to be taken. On July 25, 2019, Curtis pleaded guilty to two counts of rape, two counts of sexual battery, and one count of gross sexual imposition. In September 2019, the trial judge sentenced him to an aggregate sentence of 18 years.

{¶ 3} Between November 9, 2021, and January 22, 2022, Curtis made multiple public records requests, pursuant to Sup.R. 44 through 47, related to *Cleveland v. Curtis*, Cleveland M.C. No. 2019-CRA-000446. On August 25, 2022, Curtis filed his complaint for a writ of mandamus in which he asserted that he had not received the following records: (1) the arrest warrant, (2) the arrest warrant return, (3) DNA search warrant, (4) DNA search warrant supporting affidavit and/or complaint, (5) DNA search warrant return, (6) cell phone search warrant, (7) cell phone search warrant supporting affidavit and/or complaint, and (8) cell phone search warrant return.

{¶ 4} After respondent filed his answer, this court issued several briefing orders for the submission of evidence and briefs. On January 23, 2023, respondent filed briefing and evidence in the form of an affidavit addressing what was and was not disclosed. Curtis filed his response brief and affidavit on February 21, 2023. The court has reviewed the briefing and the evidence submitted. This matter is ripe for resolution.

{¶ 5} Sup.R. 47(B) provides that a person aggrieved by the failure of a clerk of court to comply with the requirements of Sup.R. 44 through 47 may pursue an action in mandamus pursuant to Chapter 2731 of the Revised Code. To prevail in a mandamus action, the relator must prove by clear and convincing evidence that he has a clear legal right to the requested relief — access to the records — and that the respondent has a clear, legal duty to provide the requested records. *State ex rel. Pressley v. Indus. Comm.,* 11 Ohio St.2d 141, 228 N.E.2d 631 (1967); and *State ex rel. Pietrangelo v. Avon Lake*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419. Because mandamus is the specified remedy, the relator need not establish that there is no adequate remedy at law. *State ex rel. Gooden v. Kagel,* 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 1170.

{¶ 6} In Ohio, public records are the people's records. To that end, the public records law is to be construed liberally in favor of broad access and disclosure. The courts are to resolve any doubt in favor of disclosure. *State ex rel. Vindicator Printing Co. v. Youngstown*, 104 Ohio St.3d 1436, 2004-Ohio-1120, 819 N.E.2d 1120. Exemptions to disclosure must be strictly construed against the public records

custodian, and the government bears the burden of establishing the applicability of an exception. *Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208. However, "[r]espondents have no duty to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith,* 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15. *See also State ex rel. Morgan, supra*; *State ex rel. White v. Goldsberry,* 85 Ohio St.3d 153, 707 N.E.2d 496 (1999). The fact that no responsive documents exist may be proven by affidavit. *State ex rel. Chatfield v. Gammill,* 132 Ohio St.3d 36, 2012-Ohio-1862, 968 N.E.2d 477; *State ex rel. Striker v. Smith,* 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952; and *Viola v. Cuyahoga Cty. Prosecutor's Office,* 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210.

{¶ 7} Respondent maintains that he has provided Curtis with all of the records he possesses and that he does not have any records responsive to the eight disputed requests. In support of this position, respondent submitted an affidavit attesting to the following:

> 2. The Clerk of Court does not keep the records requested, to wit: arrest warrant, arrest warrant return; DNA search warrant; DNA search warrant supporting affidavit and/or complaint; DNA search warrant return; Cell phone search warrant; Cell phone search warrant supporting affidavit and/or complaint; Cell phone search warrant return.

> 3. In a good faith attempt to resolve this dispute, I produced the records that are kept by the Clerk of Court, to wit: Complaint for Rape; Sworn Affidavit Establishing Probable Cause for an Arrest Warrant; Request for High Bond; Warrant Registry Information; Booking Information Sheet; Felony Arraignment Journalized Entry.

4. There are no additional records held by Earle B. Turner, Clerk of Courts Criminal Division, Cleveland Municipal Court.

{¶ 8} In his supporting affidavit, Curtis swears that he has not been provided with any records related to the eight disputed requests. Curtis invokes numerous provisions of R.C. Chapter 2303 and other rules regarding the clerk's duty to file and preserve the requested records. For example, Curtis cites Ohio Sup.R. 26.05(G)(7), which provides: "Search warrant records shall be indexed and the warrants and returns retained in their original form for five years after the date of service or last service attempts." Curtis highlights R.C. 2303.09, which requires the clerk to file and carefully preserve in the clerk's office all papers delivered to him for that purpose in every action and proceeding.

{¶ 9} Under the facts and circumstances of this case, where respondent's affidavit establishes that he does not, in fact, have the requested records, we conclude that Curtis has not satisfied his burden to prove by clear and convincing evidence that the respondent clerk is the custodian of the requested records.

{¶ 10} Accordingly, this court denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 11} Writ denied.

_____

LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR