[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Curtis v. Turner*, Slip Opinion No. 2024-Ohio-2682.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2682

THE STATE EX REL. CURTIS, APPELLANT, *v*. TURNER, CLERK, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Curtis v. Turner*, Slip Opinion No. 2024-Ohio-2682.]

*Mandamus—Rules of Superintendence for the Courts of Ohio—Writ sought to compel clerk of courts of Cleveland Municipal Court to produce records related to prosecution of records requester's criminal case—Court of appeals' denial of writ affirmed.*

(No. 2023-0829—Submitted March 26, 2024—Decided July 17, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 111879, 2023-Ohio-1814.

_____

The per curiam opinion below was joined by FISCHER, DONNELLY, and STEWART, JJ. KENNEDY, C.J., concurred in part and concurred in judgment only in part, with an opinion joined by DEWINE and DETERS, JJ. BRUNNER, J., concurred in part and dissented in part, with an opinion.

**Per Curiam.**

**{¶ 1}** Appellant, Marc D. Curtis, appeals the Eighth District Court of Appeals' judgment denying his complaint for a writ of mandamus. Curtis sought to compel appellee, Earle B. Turner, clerk of courts of the Cleveland Municipal Court, to produce records related to the prosecution of Curtis's criminal case. The Eighth District denied the writ based on the clerk's representation that he did not possess the requested records. We affirm.

**{¶ 2}** Curtis has also moved this court to take judicial notice of new documents that were not part of the record before the Eighth District. The clerk has moved this court to strike the documents. We deny the motion for judicial notice and grant the motion to strike in part.

## I. FACTS AND PROCEDURAL HISTORY

**{¶ 3}** Curtis is incarcerated at the North Central Correctional Complex. According to his mandamus complaint, on November 9, 2021, and again on December 22, Curtis requested records from the clerk under the authority of Sup.R. 44 through 47. The requested records were from Curtis's criminal case, *Cleveland v. Curtis*, Cleveland M.C. No. 2019 CRA 000446.

**{¶ 4}** The clerk responded on January 14, 2022, providing responsive documents for most of Curtis's requests, except for those concerning his arrest warrant, DNA search warrant, and cellphone search warrant. On January 24, Curtis submitted another request to the clerk, reiterating his request for the records he had not received. The clerk responded on March 18, stating that because Curtis is an inmate, the records were not releasable to him "without a finding by the sentencing judge that the information sought is necessary to support what appears to be a justiciable claim," citing R.C. 149.43(B)(8) and *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 2011-Ohio-1914. On March 28 and July 8, Curtis again requested the same documents, citing Sup.R. 44 through 47 and related caselaw. On August

2

5, the clerk responded, providing documents that Curtis calls "non-responsive" to his requests.

**{¶ 5}** On August 25, 2022, Curtis filed a complaint for a writ of mandamus in the Eighth District, claiming a right under the Rules of Superintendence to the documents the clerk has not produced, which Curtis identified as:

- Arrest warrant;
- Arrest-warrant return;
- DNA search warrant;
- DNA search-warrant supporting affidavit and/or complaint;
- DNA search-warrant return;
- Cellphone search warrant;
- Cellphone search-warrant supporting affidavit and/or complaint; and
- Cellphone search-warrant return.

Among his requests for relief, Curtis asked the court to order the clerk to produce these records or provide a definitive statement that the records do not exist. After the clerk filed his answer, Curtis moved the court to take judicial notice of additional documents that the clerk provided to him after he filed his mandamus complaint. The court subsequently denied that motion as moot.

**{¶ 6}** The Eighth District sua sponte issued an alternative writ ordering the submission of evidence and briefs. Specifically, the court ordered the parties to brief whether R.C. 149.43(B)(8) applied to Curtis's requests.

**{¶ 7}** Although he was the respondent, the clerk filed his brief first. The clerk asserted that he had provided Curtis with all the records in his possession that would satisfy Curtis's requests. This assertion was supported by the affidavit of Ronald Tabor, the clerk's assistant director. The clerk also argued that Ohio's Public Records Act, R.C. 149.43, did not apply to Curtis's requests, because Curtis requested court records, which fall under the Rules of Superintendence. However,

in compliance with the Eighth District's order, the clerk argued that R.C. 149.43(B)(8), an exemption under the Public Records Act, prohibited Curtis from obtaining the records because he is an inmate and lacked the approval of his sentencing judge.

{¶ 8} In his brief, Curtis argued that all the documents he requested are "case documents" within the meaning of Sup.R. 44(B) and (C) and that he was therefore entitled to them. Citing several sections of R.C. Ch. 2303, Curtis argued that the clerk had a duty to maintain and produce the requested records. As to R.C. 149.43(B)(8), Curtis argued it did not apply, because "the whole of R.C. 149.43" does not apply to requests for court records.

{¶ 9} The Eighth District denied the writ, finding that Tabor's affidavit testimony—that the clerk did not keep the records Curtis wanted and had no additional records to offer—was dispositive. 2023-Ohio-1814, ¶ 6-9 (8th Dist.). The court noted that "'[r]espondents have no duty to create or provide access to nonexistent records.'" (Bracketed text in original.) *Id*. at ¶ 6, quoting *State ex rel. Lanham v. Smith*, 2007-Ohio-609, ¶ 15. The court also stated that "[t]he fact that no responsive documents exist may be proven by affidavit." *Id*., citing *State ex rel. Chatfield v. Gammill*, 2012-Ohio-1862; *State ex rel. Striker v. Smith*, 2011-Ohio-2878; *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210 (8th Dist.). The court's decision did not address the question whether R.C. 149.43(B)(8) applied to this case.[1]

{¶ 10} Curtis appealed to this court as of right.

---

1. The parties' briefs before this court address the applicability of R.C. 149.43(B)(8) to Curtis's claim. We do not address that issue, because the Eighth District did not. "[A]n appellate court limits its review to issues actually decided by the trial court in its judgment." *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21, citing *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 89 (1992).

## II.  ANALYSIS

### A.  *Motion for Judicial Notice and Motion to Strike*

**{¶ 11}** Curtis's reply brief includes a "request for judicial notice," in which he asks this court to take notice of three documents under Evid.R. 201.  The documents, which are attached to his reply brief, include a copy of the docket for Cleveland Municipal Court case No. 2019 CRA 000446, purported notes of a detective's investigation regarding the allegations against Curtis from his criminal case, and a supplemental report purportedly authored by the same detective.  The clerk has moved this court to strike, arguing that the documents should be stricken because they contain new evidence and were not included in the Eighth District's record in this case.  The clerk also argues that the detective's notes and supplemental report contain information that is protected under several statutes and caselaw.  Curtis has not responded to the clerk's motion to strike.

**{¶ 12}** To the extent that Curtis's "request" for judicial notice may be construed as a motion, we deny it.  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Evid.R. 201(B).  The detective's notes and supplemental report satisfy neither of these requirements, rendering them inappropriate for judicial notice.  *See State ex rel. Jones v. Hogan*, 2021-Ohio-3567, ¶ 11.  The municipal-court docket is an online court record, which may be appropriate for judicial notice.  *See State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 10 (taking judicial notice of the dismissal of a case).  However, Curits is attempting to add new facts to the appellate record, which is generally prohibited.  *See State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 16.  We deny Curtis's request to take judicial notice of the documents attached to his reply brief.

**{¶ 13}** In his motion to strike, the clerk directs us to statutory authority and caselaw, arguing that the detective's notes and supplemental report contain information that is generally protected from public disclosure. He relies on R.C. 149.43(A)(1)(v); R.C. 2151.421; R.C. 2930.07 (requiring under division (C) that a public office or public official take measures to prevent the public disclosure of the name, address, or other identifying information of a victim of violating a protection order, an offense of violence, or a sexually oriented offense); R.C. 4501.27 (pertaining to disclosure of Ohio driver's license numbers); and *State ex rel. Beacon Journal Publishing Co. v. Akron*, 2004-Ohio-6557, *superseded by statute on other grounds as stated in State ex rel. DiFranco v. S. Euclid*, 2014-Ohio-538. The clerk's motion also asserts that these items "should not remain on the record." The portions of the documents that the clerk moves to strike are the names of Curtis's 12-year-old victim and her mother and Curtis's driver's license number.

**{¶ 14}** Sup.R. 45(E)(1) provides: "Any party to a judicial action or proceeding or other person who is the subject of information in a case document may, by written motion to the court, request that the court restrict public access to the information or, if necessary, the entire document." Under Sup.R. 45(E)(2),

> [a] court shall restrict public access to information in a case document . . . if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest after considering each of the following:
>
> (a) Whether public policy is served by restricting public access;
>
> (b) Whether any state, federal, or common law exempts the document or information from public access;
>
> (c) Whether factors that support restriction of public access exist, including risk of injury to persons, individual privacy rights

and interests, proprietary business information, public safety, and
fairness of the adjudicatory process.

Sup.R. 45(E)(2)(a) through (c). "When restricting public access to a case document or information in a case document pursuant to this division, the court shall use the least restrictive means available, including . . . [r]edacting the information rather than limiting public access to the entire document." Sup.R. 45(E)(3)(a).

{¶ 15} Sup.R. 44(C)(2)(b) excludes "personal identifiers" from the definition of "case document." Personal identifiers include "a juvenile's name in an abuse, neglect, or dependency case." Sup.R. 44(H). Courts have shielded from public access (i.e., by redaction) the names of juvenile victims of sexual assault. *See, e.g.*, *State ex rel. White v. Watson*, 2006-Ohio-5234, ¶ 5-6 (8th Dist.) (holding that identifying information concerning juvenile victims of sexual molestation, including information identifying family members, may be redacted from police records produced in response to a public-records request), citing *Beacon Journal*; *see also State v. Dotson*, Lucas C.P. No. G-4801-CR-0201101112-000, 2013 Ohio Misc. LEXIS 17077, *1-2 (Dec. 10, 2013) (placing under seal a motion that "contain[ed] numerous references to the child victim, and also name[d] the child victim's mother by first and last name" and ordering that a copy of the motion be filed that "redact[ed] all identifying information regarding the child victim").

{¶ 16} In similar circumstances, when nonpublic documents were filed with this court in support of affidavits of disqualification, the chief justice ordered the documents at issue to be sealed. *See, e.g.*, *In re Disqualification of Cook*, 2023-Ohio-4883, ¶ 3-5 (ordering a confidential report from a minor child's psychologist, a custody and psychological evaluation of the parties in the underlying case, and a report from a guardian ad litem in the underlying case be sealed in the affidavit-of-disqualification proceeding); *In re Disqualification of Lucci*, 2020-Ohio-1532, ¶ 6 (ordering a presentence-investigation report be sealed). In this case, consistent with

Sup.R. 45(E), redacting the names of the victim and her mother from the public copies of the detective's notes and supplemental report in this court's file is a sufficient restriction to protect their personal identifiers.

{¶ 17} Finally, the registrar and any employee or contractor of the Ohio Bureau of Motor Vehicles shall not knowingly disclose or otherwise make available to any person or entity any "personal information" about a person in connection with a motor-vehicle record, R.C. 4501.27(A), and a person's driver's license number is included in the definition of "personal information" under R.C. 4501.27(F)(3); *accord* 18 U.S.C. 2721(a)(1) and 2725(3). Adm.Code 4501:1-12-02 amplifies R.C. 4501.27 and exempts under division (B) the release of personal information about a person except as provided for by the rule. In *State ex rel. Motor Carrier Serv., Inc. v. Rankin*, 2013-Ohio-1505, ¶ 26-32, this court held that Adm.Code 4501:1-12-02 does not conflict with the Public Records Act.

{¶ 18} In this case, Curtis attached to his reply brief a document that included his driver's license number. Although the clerk has moved the court to remove Curtis's driver's license number from the public docket, Curtis has not made such a request or responded to the clerk's motion. While R.C. 4501.27 prohibits the registrar and any employee or contractor of the bureau from disclosing driver's license numbers except in accordance with the statute, here, a party has filed a document that contains that information about that party. R.C. 4501.27 restricts release of such information, but it does not directly address the effect of a person filing with a court a document containing this information. This court has held that a voluntary disclosure of an otherwise exempt document waives any right to claim an exception under the Public Records Act. *State ex rel. Hicks v. Fraley*, 2021-Ohio-2724, ¶ 21, citing *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 2011-Ohio-6009, ¶ 31; *see Fairley v. Cuyahoga Cty. Prosecutor*, 2020-Ohio-1425, ¶ 27 (Ct. of Cl.) ("the filing of a pleading on the public docket of a court constitutes an implied waiver of any public records exceptions that might have

previously applied"). Because Curtis included his driver's license number in the reply brief that he filed in this court and did not request that we redact his driver's license number, we need not order its redaction.

{¶ 19} We grant the clerk's motion to strike the names of the victim and her mother that are found in the detective's notes and supplemental report that are attached to Curtis's reply brief. The clerk of courts of this court shall redact those names from the publicly available version of Curtis's reply brief. We deny the clerk's motion to strike Curtis's driver's license number.

*B. Curtis Failed to Show Clear and Convincing Evidence that the Clerk Possessed the Requested Records*

{¶ 20} Curtis's argument on appeal is based on using the Rules of Superintendence to access court records. *See* Sup.R. 44 through 47; *see also State ex rel. Richfield v. Laria*, 2014-Ohio-243, ¶ 8 ("Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the sole vehicle for obtaining such records in actions commenced after July 1, 2009."). Although the Eighth District ordered the parties to brief the issue whether R.C. 149.43(B)(8) defeated Curtis's requests for records, that court did not address that statute in its decision.

{¶ 21} Instead, the Eighth District relied on Tabor's affidavit in reaching its decision. In his affidavit, Tabor testified:

> The Clerk of Court does not keep the records requested, to wit: arrest warrant[;] arrest warrant return; DNA search warrant; DNA search warrant supporting affidavit and/or complaint; DNA search warrant return; Cell phone search warrant; Cell phone search warrant supporting affidavit and/or complaint; Cell phone search warrant return.

After he detailed which records were provided to Curtis, Tabor concluded that "[t]here are no additional records held by Earle B. Turner, Clerk of Courts Criminal Division, Cleveland Municipal Court."

{¶ 22} A public office may establish by affidavit that all responsive records within its possession were provided to a requester. *State ex rel. Frank v. Clermont Cty. Prosecutor*, 2021-Ohio-623, ¶ 15, citing *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 15. Such an affidavit may be rebutted by clear and convincing evidence showing a genuine issue of fact that additional responsive records exist. *See State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 26; *see also State ex rel. Ware v. Parikh*, 2023-Ohio-2536, ¶ 14 (a requester "must show by clear and convincing evidence that he requested a record that exists and is maintained by the clerk").

{¶ 23} The Eighth District correctly concluded that Curtis had not met his burden to show that the records he sought were in the clerk's possession. The clerk's evidence detailed what records he did and did not possess. Curtis did not rebut or otherwise call the clerk's evidence into question.

{¶ 24} On appeal, Curtis's primary argument is that the clerk had a duty either to produce the requested records or clarify that they do not exist. In support of this argument, Curtis cites *State ex rel. Harris v. Pureval*, 2018-Ohio-4718, and *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177. In both of those cases, this court granted limited writs of mandamus for the public office or official to either produce specific records or clarify that those records did not exist. *Harris* at ¶ 18; *Sultaana* at ¶ 50. However, the court issued limited writs in those cases because the parties' evidence did not establish that the requested records did not exist and were not in the public office or official's possession. *See Harris* at ¶ 15; *Sultaana* at ¶ 37-43. This case is distinguishable from those cases because the clerk unambiguously denied having possession of the requested records. Unlike the public office or officials in *Harris* and *Sultaana*, the clerk has clearly explained that

10

the requested records are not in his possession. And as noted above, Curtis has produced no evidence to call the clerk's representations into question.

{¶ 25} Curtis also cites statutes and rules suggesting that the clerk "should" have the requested records. However, the issue here is not whether the clerk should have the records but whether he actually possesses them. *See State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶ 28 (finding clerk had no duty to produce court records that were in the possession of a judge when the requests for the records were made).

### III. CONCLUSION

{¶ 26} For the forgoing reasons, we affirm the judgment of the Eighth District Court of Appeals. We also deny Curtis's motion for judicial notice and grant the clerk's motion to strike in part and deny it in part.

Judgment affirmed.

_____

**KENNEDY, C.J., joined by DEWINE and DETERS, JJ., concurring in part and concurring in judgment only in part.**

{¶ 27} I concur in the majority's decision to deny appellant Marc Curtis's motion for judicial notice and to grant appellee Cleveland Municipal Court Clerk of Courts Earle Turner's motion to strike in part. I further concur in the majority's judgment affirming the Eighth District Court of Appeals' judgment denying Curtis's request for a writ of mandamus seeking records from Turner. I part ways with the majority, however, because the Rules of Superintendence are not controlling.

{¶ 28} This court's continued reliance on the Rules of Superintendence instead of the Public Records Act is misplaced. As a result, records requesters have been relying on the Rules of Superintendence when filing a petition for a writ of mandamus in public-records actions. Curtis premised his mandamus action in the court of appeals below on this overarching legal theory. But as I have written many times before, "this court lacks the constitutional authority to issue rules that preempt

11

substantive law such as the Public Records Act, R.C. 149.43," *State ex rel. Ware v. Parikh*, 2023-Ohio-759, ¶ 19 (Kennedy, C.J., concurring in judgment only in part and dissenting in part), and therefore, the Public Records Act, not the court-issued Rules of Superintendence, governs access to public records, *see State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, 2019-Ohio-5157, ¶ 30 (Kennedy, J., concurring in part and concurring in judgment only in part); *State ex rel. Parker Bey v. Byrd*, 2020-Ohio-2766, ¶ 25-26 (Kennedy, J., concurring in judgment only in part and dissenting in part); *State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 35 (Kennedy, J., dissenting); *State ex rel. Ware v. Kurt*, 2022-Ohio-1627, ¶ 36 (Kennedy, J., concurring in part and dissenting in part); *State ex rel. Cincinnati Enquirer v. Forsthoefel*, 2022-Ohio-3580, ¶ 27 (Kennedy, J., concurring in judgment only).

{¶ 29} Because Curtis was following this court's jurisprudence, he should not be punished for bringing his public-records claim under that improper vehicle; he was driven here by this court's continued mistake of allowing certain public-records claims to fall under the Rules of Superintendence. While the majority continues its allegiance to the Rules of Superintendence, it does so curiously in this case by relying on caselaw that is based on the Public Records Act. *See State ex rel. Frank v. Clermont Cty. Prosecutor*, 2021-Ohio-623; *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246; *State ex rel. Ware v. Parikh*, 2023-Ohio-2536, ¶ 21-23 (determining that the Rules of Superintendence do not apply); *State ex rel. Striker v. Smith*, 2011-Ohio-2878.

{¶ 30} By relying on Public Records Act caselaw, the majority has implicitly transposed Public Records Act jurisprudence onto its unconstitutional Rules of Superintendence public-records jurisprudence. This begs a further question to which the majority never answers—what are the limits on applying Public Records Act caselaw to Rules of Superintendence cases? We should take this opportunity to restore public-records jurisprudence by acknowledging our limit

under the Ohio Constitution to adopt the Rules of Superintendence and by stating that those rules cannot preempt the Public Records Act when it comes to public-records cases such as this one.

**{¶ 31}** Therefore, I concur in part and concur in judgment only in part.

———————————————

**BRUNNER, J., concurring in part and dissenting in part.**

**{¶ 32}** I concur in the majority opinion, except that rather than granting appellee Cleveland Municipal Court Clerk of Courts Earle B. Turner's motion to strike in part and ordering redactions as the majority opinion does, I would grant the motion to strike in full. Appellant, Marc D. Curtis, attached a docket printout (not a certified copy) and two police reports to the reply brief he filed in this court and requested that we take judicial notice of them. For all the well-explained reasons in the majority opinion, we should not take judicial notice of the documents.

**{¶ 33}** In addition, it is axiomatic that "'[a] reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter.'" *Robinson v. State*, 2021-Ohio-3865, ¶ 5, quoting *State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 16. That is precisely what Curtis sought to do by asking us to take judicial notice of the documents and what Turner's motion to strike sought to prevent. Motions to strike are available under Civ.R. 12(F) to remove from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The uncertified docket printout and police reports are not valid subjects of our consideration on review and are therefore immaterial to this cause. Consequently, I would grant the motion to strike in full. Because the majority does not, I respectfully concur in part and dissent in part.

———————————————

Marc D. Curtis, pro se.

Mark D. Griffin, Cleveland Director of Law, and Amy K. Hough and Timothy J. Puin, Assistant Directors of Law, for appellee.

————————————